UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO SIERRA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PATRICK COVELLO, et al.,<br><br>　　　　　　Defendants. | No.  2:22-cv-0488 KJN P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　　Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed, but plaintiff is granted leave to file an amended complaint.

I. Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

II. Plaintiff's Complaint

In his first claim, plaintiff alleges he wrote to Patrick Covello "a few times" concerning a "couple issues." (ECF No. 1 at 4.) In his second claim, plaintiff claims Captain Costa told plaintiff he was going to be retained in ad seg, "and he didn't care to hear anything [plaintiff] had to say!" (Id.)

In his third claim, plaintiff alleges defendant Rodgers ran a very poor/cruel program, and Captain Costa was also involved based on being in charge of the yards.

In his fourth claim, plaintiff alleges that defendant Jenkins stole plaintiff's hot pot and other property, then issued plaintiff a rules violation report for not wearing a face mask, even though Jenkins never wore one. In his tenth claim, plaintiff alleges defendant Nizzoli and Jenkins took plaintiff's property without properly documenting it. In claim 11, plaintiff alleges that defendant Spaulding wore no face mask while his subordinates were issuing write-ups to inmates for not wearing masks. In his thirteenth claim, plaintiff alleges defendant Murrey used his power irresponsibly by hearing and finding plaintiff guilty for not wearing a mask when staff wouldn't wear face masks. (ECF No. 1 at 5.)

In claim five, plaintiff alleges defendant Hurtado crept up on plaintiff on the last night count and caught plaintiff exposed, "doing [his] thing," and then lied about how it actually occurred. (ECF No. 1 at 4.) In claim six, plaintiff alleges defendant Gradilla violated plaintiff's due process rights by giving plaintiff a "partial hearing," and covering up for her subordinates. (Id.) In claim 22, plaintiff alleged that defendant Elston fabricated evidence/statements regarding plaintiff's August 30, 2021 ad seg placement for IEX. (ECF No. 1 at 6.)

Plaintiff alleges in claim seven that defendant Brown heavily targets plaintiff and wrote frivolous 115 RVRs against plaintiff, and put plaintiff's life in danger by showing or telling other inmates plaintiff has an IEX rules violation. (ECF No. 1 at 5.) In claim eight, plaintiff alleges defendant Tsui also participated and conspired with defendant Brown, telling inmates what is in plaintiff's central file. Plaintiff alleges in claim nine that defendant Brinton also harassed and made false statements about plaintiff. In claim 17, plaintiff alleges that defendant Lomeli harassed plaintiff, denying plaintiff judicial documents from plaintiff's file in an effort to avoid plaintiff filing grievances. (ECF No. 1 at 6.) In claim 20, plaintiff alleges defendant Perkosh conspired with defendants Tsui and Brown to harass and obstruct plaintiff's court access and access to the law library. (ECF No. 1 at 6.) In claim 21, plaintiff alleges defendant Bordewick obstructed plaintiff's court access by not giving plaintiff his legal work despite plaintiff having an active case.

1          In claim twelve, plaintiff alleges that defendant Fanika conspired to move plaintiff out of
2  his building when plaintiff "expressed a possible class action" on defendant Jenkins and was
3  collecting similar complaints against him to use in court; defendant Brinton was also involved,
4  and there was "confidential information." (ECF No. 1 at 5.)
5          In his fourteenth claim, plaintiff alleges that defendant Banks violated plaintiff's due
6  process rights by denying plaintiff witnesses.
7          Plaintiff alleges in claim fifteen that defendant Holmes "is responsible for covering up for
8  staff in almost every event not handling issues appropriately, and participating in these
9  deprivations, etc." (ECF No. 1 at 5.)  In claim sixteen, plaintiff claims defendant Armenta failed
10 to enroll plaintiff in a GED class, self-help, etc., conspiring to "moot" plaintiff's attempt to
11 litigate by putting plaintiff on C status, finally taking plaintiff to committee nine weeks later.
12 (ECF No. 1 at 6.)  In claim 18, plaintiff alleges that defendants K. Costa and N. Costa are related
13 and N. Costa was the main cause for putting plaintiff on C status.  (Id.)
14         Plaintiff alleges in claim nineteen that defendant Baskerville verbally threatened plaintiff,
15 warning him not to mess with defendant Brown because "you're messing with a whole union!"
16 and then falsely claiming plaintiff said he would keep disobeying orders, including "continue
17 putting up window covers." (ECF No. 1 at 6, 21.)
18         Plaintiff names 22 defendants at Mule Creek State Prison ranging from warden to
19 correctional officer.  Plaintiff seeks money damages and injunctive relief. (ECF No. 1 at 22.)
20 III.  Discussion
21         Plaintiff has filed a "shotgun" or "kitchen sink" pleading against multiple individuals at
22 Mule Creek State Prison.  "The plaintiff who files a kitchen-sink complaint shifts onto the
23 defendant and the court the burden of identifying the plaintiff's genuine claims and determining
24 which of those claims might have legal support. . . .  It is the plaintiff['s] burden, under both Rule
25 8 and Rule 11, to reasonably investigate their claims, to research the relevant law, to plead only
26 viable claims, and to plead those claims concisely and clearly, so that a defendant can readily
27 respond to them and a court can readily resolve them." Gurman v. Metro Housing &
28 Redevelopment Authority, 842 F.Supp.2d 1151, 1153 (D. Minn. 2011), citing Fed. R. Civ. P. 8,

11. Here, plaintiff files suit against 22 different defendants, raising myriad claims, many of which fail to include sufficient facts to determine whether or not plaintiff could state a cognizable civil rights claim against the specific defendant. The undersigned finds the complaint so vague and conclusory it is unable to determine whether plaintiff could state a cognizable claim or is legally frivolous, and therefore must be dismissed. However, plaintiff is granted leave to amend.

Moreover, plaintiff also attempts to join myriad unrelated claims against multiple defendants committing different acts at different times over a period of several months in one action. Therefore, plaintiff's complaint does not comport with Rule 20 of the Federal Rules of Civil Procedure. A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18(a). In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). However, unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (finding, under Rule 18(a), prisoner improperly brought complaint raising fifty distinct claims against twenty-four defendants). In other words, joining more than one claim in a single complaint is proper when the claims are against the same defendant, but joining multiple defendants in one complaint is proper only if the claims against them are based on the same facts. This rule is intended in part "to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s]." George, 507 F.3d at 607.

As a practical matter, this means that claims involving different parties cannot be joined together in one complaint if the facts giving rise to the claims were not factually related in some way -- that is, if there was not similarity in the factual background of a claim. Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). General allegations are not sufficient to constitute similarity when the specifics are different. Id. For example, broad claims of harassment are insufficient to demonstrate plaintiff's myriad claims are related.

Plaintiff's claims do not arise from the same transaction, occurrence, or series of

transactions and occurrences in which all defendants were involved. Plaintiff's improper joinder of his unrelated claims cannot be remedied by dismissal of the unrelated claims because of the general nature of many of his allegations, and it is unclear which claims he wants to pursue in this action, and which claims he will choose to pursue in separate lawsuits. See Fed. R. Civ. P. 21. Thus, plaintiff's complaint must be dismissed. Plaintiff is granted leave to file an amended complaint in which he raises only those claims arising from the same incident involving the same defendants.

The Court, on its own initiative, may dismiss misjoined parties from an action, and any claim against a misjoined party may be severed and proceeded with separately. Fed. R. Civ. P. 21. If plaintiff chooses to amend his complaint, his amended complaint must comply with Federal Rules of Civil Procedure 18 and 20. If Plaintiff chooses to amend his complaint, he should choose one claim or set of related claims to assert in this lawsuit, and assert the other claim or set of related claims in another lawsuit.

For all of the above reasons, plaintiff's complaint must be dismissed. The court, however, grants leave to file an amended complaint.

Potential Causes of Action

In order to assist plaintiff in filing an amended complaint, plaintiff is advised of the following standards governing some of the claims alleged.

Harassment

Allegations of harassment, embarrassment, and defamation are not cognizable under section 1983. Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983); see also Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.1982) (allegations of harassment with regards to medical problems not cognizable); Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975) (Arkansas state prisoner does not have cause of action under § 1983 for being called obscene name by prison employee); Batton v. North Carolina, 501 F.Supp. 1173, 1180 (E.D. N.C. 1980) (mere verbal abuse by prison officials does not state claim under § 1983). Nor are allegations of mere threats cognizable. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do

allegations that naked threat was for purpose of denying access to courts compel contrary result).

Property Deprivation

The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987). In the instant case, plaintiff has not alleged any facts which suggest that the deprivation was authorized. The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq. Because plaintiff has not attempted to seek redress in the state system, he cannot sue in federal court on the claim that the state deprived him of property without due process of the law.

False Report

A "complaint alleging that an officer filed a false report, by itself, fails to state a claim upon which relief can be granted." Koch v. Austin, 2006 WL 403818, at *5 (E.D. Cal. Feb. 16, 2006), adopted by 2006 WL 842585 (Mar. 28, 2006). A cognizable claim is stated only if there is evidence that the false report was retaliatory, or the inmate is not afforded procedural due process in the hearing on the disciplinary charge. See Pratt v. Rowland, 769 F.Supp. 1128, 1134 (N.D. Cal. 1991) (filing false report states a claim only if retaliatory); Freeman v. Rideout, 808 F.2d 949, 953 (2d Cir. 1986) (guards' "filing of unfounded charges did not give rise to a per se constitutional violation actionable under section 1983"); Sprouse v. Babcock, 870 F.2d 450, 452 (9th Cir. 1989) (claim based on falsity of charges, standing alone, did not state a constitutional claim) and Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984) (guards' fabrication of evidence does not state a claim if procedural protections are provided during disciplinary hearing).

<u>Retaliation</u>

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." <u>Watison v. Carter</u>, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1269 (9th Cir. 2009)).  A viable retaliation claim in the prison context has five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005).

<u>Favorable Termination Rule</u>

Under the Supreme Court's decision in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), a plaintiff cannot bring a § 1983 claim arising out of alleged unconstitutional activities that resulted in his criminal conviction unless the conviction is first reversed, expunged, set aside, or otherwise called into question. <u>Heck</u>, 512 U.S. at 486-87.  If a plaintiff convicted of a crime seeks damages in a § 1983 suit, the district court must therefore "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of [her] conviction or sentence; if it would, the complaint must be dismissed." <u>Heck</u>, 512 U.S. at 487.  This "favorable termination" rule also applies to prison disciplinary proceedings, if those proceedings resulted in the loss of good-time or behavior credits. <u>Edwards v. Balisok</u>, 520 U.S. 641, 646-48 (1997).

<u>Due Process</u>

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974). Rather, for disciplinary proceedings that include the loss of good time credits, <u>Wolff</u> established that an inmate must receive (1) twenty-four-hour advanced written notice of the charges against him, <u>id.</u> at 563-64; (2) "a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action," <u>id.</u> at 564 (internal quotation marks and citation omitted); (3) an opportunity to call witnesses and present documentary evidence where doing so "will not be unduly hazardous to institutional safety or correctional

goals," id. at 566; (4) assistance at the hearing if he is illiterate or if the matter is complex, id. at 570; and (5) a sufficiently impartial fact finder, id. at 570-71.  As long as the five minimum Wolff requirements are met in a prison disciplinary proceeding, due process has been satisfied.  Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), overruled on other grounds by Sandin v. Conner, 515 U.S. 472, 483-84 (1995).

Access to the Courts

Prisoners have a constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977), limited in part on other grounds by Lewis, 518 U.S. at 354.  The right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions.  See Lewis, 518 U.S. at 353 n.3, 354-55.  In order to frame a claim of a denial of the right to access the courts, a prisoner must establish that he has suffered "actual injury," a jurisdictional requirement derived from the standing doctrine.  Lewis, 518 U.S. at 349.  An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."  Lewis, 518 U.S. at 348 (citation and internal quotations omitted); see also Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (noting that "[f]ailure to show that a 'non-frivolous legal claim had been frustrated' is fatal" to a claim for denial of access to legal materials) (citing Lewis, 518 U.S. at 353 & n.4).

Leave to Amend

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  Unrelated claims against different defendants must be pursued in multiple lawsuits. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  As discussed

above, unrelated claims against different defendants belong in different suits.  George, 507 F.3d at 607; see also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).  Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  Id. at 1950.

The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks.  Fed. R. Civ. P. 8(a); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002).  A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of these

instructions.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  July 12, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/sier0488.14n