UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO SIERRA, | No. 2:22-cv-0488 KJN P |
| Plaintiff, | |
| v. | ORDER |
| PATRICK COVELLO, et al., | |
| Defendants. | |

    Plaintiff is a state prisoner, proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. On August 24, 2022, following the court's July 12, 2022 detailed screening order, the undersigned recommended that this action be dismissed based on plaintiff's failure to submit an amended complaint. On September 15, 2022, plaintiff filed objections.

    In his objections, plaintiff expresses his disbelief that the court could not find one cognizable civil rights claim in his original complaint, and "gets a headache just thinking about even 'trying' to rebuild every single allegation individually 20 something times." (ECF No. 13 at 2.)

    However, the complaint was dismissed because plaintiff filed a "shotgun" or "kitchen sink" pleading against 22 individuals at Mule Creek State Prison and set forth 21 unrelated and wide-ranging factual allegations. (ECF No. 7.) The undersigned explained that it is not the court's burden to attempt to identify plaintiff's genuine claims and which claim might have legal

1

support.  Indeed, plaintiff included so many different and unrelated factual allegations, there was little factual support provided to enable the court to determine whether plaintiff could state a viable civil rights claim.  Certainly, not all 21 of plaintiff's factual allegations stated potentially cognizable civil rights claims.  For example, as the court explained, plaintiff cannot state viable civil rights violations based on the deprivation of property, including plaintiff's personal property or money in his trust account, or based on verbal harassment.  So plaintiff is not expected to file 20 different actions as a result of the court's screening order.  Rather, plaintiff is encouraged to carefully review the standards set forth in the initial screening order and determine whether he can allege facts meeting each element of the potential claim. (ECF No. 7 at 9-10.)  For example, plaintiff can only state a cognizable access to the courts claim if he can identify an actual injury, such as the inability to meet a filing deadline or present a claim.  (ECF No. 7 at 10.)  Importantly, plaintiff should name as a defendant only those individuals involved in the alleged constitutional violation.  Cognizable civil rights claims are not based on negligence, but must be sufficiently grave or serious allegations.  See Wilson v. Seiter, 501 U.S. 294, 298 (1991) (to rise to the level of an Eighth Amendment violation, the deprivation alleged must be objectively sufficiently harmful).  As the United States Supreme Court has explained for claims arising in the Eighth Amendment context:

> Not every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny, however. After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety.

See Whitley v. Albers, 475 U.S. 312, 319 (1986) (internal quotation marks, citation, and alteration omitted).

In an abundance of caution, the findings and recommendations are vacated, and plaintiff is granted sixty days in which to file an amended complaint that complies with the court's July 12, 2022 order.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The August 24, 2022 findings and recommendations are vacated;

2. Plaintiff is granted sixty days from the date of service of this order to file an amended complaint that complies with the July 12, 2022 screening order, the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights action by a prisoner.

Dated: September 20, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/sier0488.vac.eot