1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   FRANCISCO SIERRA,                          No.  2:22-cv-0488 TLN KJN P

12                   Plaintiff,

13        v.                                     ORDER

14   PATRICK COVELLO, et al.,

15                   Defendants.

16

17        Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to

18   42 U.S.C. § 1983 and is proceeding in forma pauperis.  This proceeding was referred to this court

19   pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.  Plaintiff's amended complaint and

20   subsequent filings are now before the court.  As discussed below, plaintiff's amended complaint

21   is dismissed with leave to amend.

22   Screening Standards

23        The court is required to screen complaints brought by prisoners seeking relief against a

24   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

25   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

26   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

27   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

28   ////

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

3    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7    Cir. 1989); Franklin, 745 F.2d at 1227.

8    A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

9    which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

10   support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

11   U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

12   Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

13   this standard, the court must accept as true the allegations of the complaint in question, Hosp.

14   Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

15   most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

16   McKeithen, 395 U.S. 411, 421 (1969).

17   Plaintiff's Allegations

18   Plaintiff's amended complaint is a stream of consciousness type filing where plaintiff

19   relates various unrelated incidents:  wrongfully written up for not wearing a facemask, incorrect

20   rumors he was a child molester, Hurtado falsely claimed plaintiff "flashed her" while she walked

21   by plaintiff's cell, plaintiff's property was wrongfully taken, plaintiff had difficulties with

22   cellmates and housing moves, he filed various 602 appeals and staff complaints, plaintiff was

23   issued a 128 counseling chrono for talking in class, complete with plaintiff's commentary about

24   the incidents (i.e., "crazy!," "it was very strange," and "CDCR is vicious!").

25   On January 9, 2023, plaintiff filed two additional causes of action marking multiple

26   claims:  disciplinary proceedings, excessive force by an officer, property, threat to safety, access

27   to the court, and retaliation.  (ECF No. 18 at 1, 2.)  Plaintiff purports to add 10 new claims.  (Id.)

28   ////

1    On February 2, 2023, plaintiff submitted another purported supplement relating details of an
2    "unprofessional dental visit" in January of 2020.
3    Discussion
4          Plaintiff's amended complaint does not comply with the July 12, 2022 screening order.
5    (ECF No. 7.)  Indeed, he repeats allegations concerning claims he was informed do not constitute
6    a civil rights violation (for example, property deprivation).  (ECF No. 7 at 8.)  Moreover, as
7    plaintiff was previously informed, "[a]n amended complaint must be complete in itself without
8    reference to any prior pleading.  See Local Rule 220; See Ramirez v. County of San Bernardino,
9    806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter
10   being treated thereafter as nonexistent.'" (internal citation omitted)).  Plaintiff is not permitted to
11   file subsequent causes of action to his pleading.  Rather, he must plead all of his causes of action
12   in one pleading.  That said, plaintiff may not include unrelated claims against unrelated
13   defendants, as discussed in detail in the July 12, 2022 screening order.  (ECF No. 7 at 6-7, 10.)
14         But more importantly, plaintiff's filings do not clearly identify plaintiff's alleged
15   constitutional violations or clearly connect them with the named defendant.  The federal rules
16   contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir.
17   2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading
18   standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b)
19   (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short
20   and plain terms, simply, concisely, and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S.
21   506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was
22   adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  Plaintiff must not
23   include any preambles, introductions, argument, speeches, explanations, stories, griping,
24   vouching, evidence, attempts to negate possible defenses, summaries, and the like.  McHenry v.
25   Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for
26   violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998)
27   (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in
28   prisoner cases).  The court (and defendant) should be able to read and understand plaintiff's

pleading within minutes.  McHenry, 84 F.3d at 1179-80.  Plaintiff's 18 page stream of

consciousness amended complaint does not meet that standard.  A long, rambling pleading

including many defendants with unexplained, tenuous, or implausible connection to the alleged

constitutional injury, or joining a series of unrelated claims against many defendants, very likely

will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's

action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

The July 12, 2022 screening order provided plaintiff with the standards governing his

potential claims and will not be repeated here.  (ECF No. 7.)

Leave to Amend

The court finds the allegations in plaintiff's amended complaint so vague and conclusory

that it is unable to determine whether the current action is frivolous or fails to state a claim for

relief.  The court has determined that the amended complaint does not contain a short and plain

statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible

pleading policy, a complaint must give fair notice and state the elements of the claim plainly and

succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must

allege with at least some degree of particularity overt acts which defendants engaged in that

support plaintiff's claim.  Id.  Because plaintiff failed to comply with the court's screening order

as well as Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed.  However, plaintiff

is granted one final opportunity to file a second amended complaint.

If plaintiff chooses to file a second amended complaint, plaintiff must use the court's civil

rights complaint form.  Plaintiff must only include claims arising from the same incident.[1]

Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of

---

[1] A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18.
In addition, a plaintiff may join multiple defendants in one action where "any right to relief is
asserted against them jointly, severally, or in the alternative with respect to or arising out of the
same transaction, occurrence, or series of transactions and occurrences" and "any question of law
or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  Unrelated
claims against different defendants must be pursued in separate lawsuits.  See George v. Smith,
507 F.3d 605, 607 (7th Cir. 2007).  This rule is intended "not only to prevent the sort of morass [a
multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the
required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous
suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C.
§ 1915(g)."  George, 507 F.3d at 607.

4

1  plaintiff's federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir.

2  1980).  Also, the second amended complaint must allege in specific terms how each named

3  defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some

4  affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo

5  v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v.

6  Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague, and conclusory allegations of

7  official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d

8  266, 268 (9th Cir. 1982).

9         Any second amended complaint must be complete in itself without reference to any prior

10  pleading.  Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th

11  Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as

12  non-existent.'" (internal citation omitted)).  Once plaintiff files a second amended complaint, the

13  original or prior pleading is superseded, and plaintiff shall file no further supplement or

14  amendment absent court permission.

15        Plaintiff is cautioned that this is his final opportunity to file an amended pleading that

16  complies with the July 12, 2022 order.  If plaintiff fails to file his pleading on the court's

17  complaint form or submits another "shotgun," "kitchen sink," or stream of consciousness form of

18  pleading, the undersigned will recommend that this case be dismissed based on plaintiff's

19  repeated failure to comply with court orders.

20        In accordance with the above, IT IS HEREBY ORDERED that:

21        1.  Plaintiff's amended complaint is dismissed.

22        2.  Plaintiff is granted thirty days from the date of service of this order to file a second

23  amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules

24  of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the

25  docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff

26  must file an original and two copies of the second amended complaint.

27        Failure to file a second amended complaint in accordance with this order will result in a

28  recommendation that this action be dismissed.

1    3.  The Clerk of the Court is directed to send plaintiff the form for filing a civil rights

2    complaint by a prisoner.

3    Dated:  April 21, 2023

4

5    _____
     KENDALL J. NEWMAN

6    /sier0488.14amd                          UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                6