UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO SIERRA, | No. 2:22-cv-0488 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| PATRICK COVELLO, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are plaintiff's motions for injunctive relief and appointment of counsel.  (ECF No. 21.)

For the reasons stated herein, plaintiff's motions are denied without prejudice.

Background

At present, no operative pleading is on file.  Plaintiff's amended complaint was dismissed on April 21, 2023, and his second amended complaint is due on or before May 21, 2023.  Plaintiff named multiple defendants employed at Mule Creek State Prison ("MCSP"), but because of the nature of his pleading addressed in the April 21, 2023 screening order, the court is unable to determine whether plaintiff can state a cognizable civil rights claim.  (ECF No. 20.)

////

////

1

Plaintiff's Motion

Plaintiff asks the court to direct the "superintendent" of MCSP to "stop all imminent harm against plaintiff directly or through any other parties." (ECF No. 21 at 1.) Plaintiff seeks "restraints on abuse of discretion and appropriate positive order in peaceful program with regards to rehabilitation." (Id.) Plaintiff claims he has been denied calls and messages for at least two months and would have liked to have called his family. Plaintiff asks the court to "stop any and all harmful actions now/future which . . . violates law." (ECF No. 21 at 2.)

Governing Standards

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citations omitted); Epona v. Cty. of Ventura, 876 F.3d 1214, 1227 (9th Cir. 2017). The party seeking a preliminary injunction must establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter, 555 U.S. at 20 (citations omitted); see also American Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20); Fed. R. Civ. P. 65 (governing both temporary restraining orders and preliminary injunctions). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. See Winter, 555 U.S. at 22 (citation omitted). Also, an injunction against individuals not parties to an action is strongly disfavored. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party. . . . ").

Further, a "court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." Pacific Radiation Oncology, LLC v. Queen's Medical Center, 810 F.3d 631, 633 (9th Cir. 2015). Significantly, a party moving for a preliminary injunction must necessarily establish a "relationship between the injury claimed in the motion for injunctive relief and the claims set forth in the underlying complaint itself." Id. at 636.

2

<u>Discussion</u>

Here, there is no operative pleading on file to support a claim for injunctive relief at this time, and therefore the court is unable to determine whether plaintiff would be likely to succeed on the merits of any claim. Plaintiff's request is insufficient, procedurally, to support a request for injunctive relief at this time. In addition, the record is insufficient to demonstrate an order is required under other legal authorities.

To the extent plaintiff seeks injunctive relief as to his inability to call or message his family, plaintiff also fails to demonstrate that such inability poses imminent harm or is related to claims he intends to raise in this action. Indeed, plaintiff failed to address all of the elements required under <u>Winter</u>.

Further, no defendants have yet appeared in this action, and the court does not have jurisdiction to order injunctive relief which would require directing parties not before the Court to take action. <u>Zepeda v. United States Immigration & Naturalization Serv.</u>, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

For all of these reasons, plaintiff's motion for injunctive relief is denied without prejudice.

<u>Motion for Counsel</u>

Plaintiff seeks appointment of counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. <u>See</u> 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. <u>Id.</u> Circumstances

common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

The court is required to evaluate the likelihood of success on the merits, but because no operative complaint is yet on file, the court cannot determine the merits of any of plaintiff's claims. Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's motion for injunctive relief (ECF No. 21) is denied without prejudice; and

2. Plaintiff's motion for appointment of counsel (ECF No. 21) is denied without prejudice.

Dated: May 2, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

;sier0488.pi+