UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO SIERRA, | No. 2:22-cv-0488 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| PATRICK COVELLO, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and proceeds in forma pauperis. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff's second amended complaint is before the court.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, plaintiff must demonstrate that each defendant personally participated in the deprivation of plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

Plaintiff's Allegations

The undersigned accepts plaintiff's allegations in the second amended complaint as true solely for the purpose of 28 U.S.C. § 1915 screening. Following are plaintiff's allegations in his second amended complaint.

After remaining disciplinary free for 1.5 years and achieving level 3 status, plaintiff filed a declaration with 80+ signatures in building 14, Facility C, against defendant Jenkins and two sergeants for bias/prejudice conduct, including false statements, frivolous rules violation reports ("RVR"), illegal search and seizures, excessive force, etc., against plaintiff and the rest of the inmate population. (ECF No. 25 at 6.)

Specifically, defendant Jenkins wrote an RVR on plaintiff for not wearing a face mask, which was an abuse of power because Sgt. Spaulding was not wearing a face mask. Plaintiff was "accidentally not wearing a mask." (ECF No. 25 at 6.) Plaintiff avers that "Jenkins is responsible for a lot of staff misconduct." (Id.) Later, Jenkins took plaintiff's hot pot stating, "don't fuck with him!" (ECF No. 25 at 7.) This occurred after plaintiff was moved to Building 11, shortly after plaintiff had a misunderstanding with defendant Hurtado. Plaintiff claims Jenkins was put in this building after the declaration with 84 signatures was filed on Jenkins, just to run the building and torment inmates further, and contends Jenkins abuses power to intentionally cause harm. (ECF No. 25 at 10.)

On a different occasion, August 30, 2021, Correctional Officer S. Hurtado unexpectedly came back by plaintiff's cell after night count and "accidentally" caught plaintiff "doing his thing." (ECF No. 25 at 7.) She stormed off, and defendant Jenkins appeared and ordered plaintiff to cuff up. Plaintiff received an RVR for IEX. Plaintiff claims this was retaliation for litigation. (ECF No. 25 at 8.)

Upon arrival to Facility B, defendant Correctional Officer J. Brown asked plaintiff to house with inmate Espinosa, who is transgender, and Brown warned that a refusal would result in an RVR. (ECF No. 25 at 8.) Plaintiff assured Brown that plaintiff would agree to house with

Espinosa rather than receive a RVR but would then file a complaint against Brown.  Brown then decided to let them house separately.  A few days later, plaintiff had a talk with Brown in an effort to smooth things over, but Brown became defensive and told plaintiff he "got away from a write-up."  (ECF No. 15 at 9.)  A few days later, plaintiff received an RVR from Brown for not vacating the dayroom at 11:25 a.m., despite plaintiff having an 11:15 a.m. phone call that was authorized under policy regulations to last 15 minutes.  Plaintiff claims this was retaliation based on Brown telling plaintiff he "got away from a 115 repeatedly."  (ECF No. 25 at 9.)  Plaintiff was found guilty of this RVR with no evidence in support.  That same day, plaintiff was found guilty for another RVR Brown issued in connection with a bird bath shower and window covering; Brown demanded plaintiff remove the cover despite plaintiff being unclothed and told plaintiff "you're not supposed to bird bath shower," while Brown was staring up and down at plaintiff, making the situation very uncomfortable.  (ECF No. 25 at 9.)  Plaintiff filed a PREA grievance against Brown.  Plaintiff filed a "declaration on inmate Brown"[1] with 40+ signatures alleging staff misconduct and abuse of power in Building 9; many inmates did not like the way Brown ran the block.  (ECF No. 25 at 9.)  Brown issued plaintiff four RVRs in six months.

Sgt. Baskerville on Facility B continued the blatant cover ups and used intimidation by telling plaintiff "you're not gonna get nowhere messing around with Brown, you know?"  (ECF No. 25 at 9.)  When asked to clarify, Baskerville explained Brown works for the union, so you're messing with the whole union.  Baskerville also lied to support the false RVR claiming plaintiff refused to take down the window cover.

Lt. M. Banks approved the false statements by Brown and Baskerville in the window covering RVR by allowing and encouraging retaliation on plaintiff, causing harm with 4 RVRs from Brown in only 6 months.  (ECF No. 25 at 9.)  Banks was on one of plaintiff's declarations.

CDW B. Holmes is a "higher authority" who failed to remedy such issues and repeatedly adopted a code of silence.  (ECF No. 25 at 8.)

////

---

[1] Although plaintiff wrote "inmate" Brown, it appears he meant defendant Correctional Officer Brown.

K. Rodgers failed to acknowledge these abuses of power and did nothing to change anything.

Defendant Patrick Covello, Warden at Mule Creek State Prison, was aware of these declarations and complaints because they reached Covello's desk; Covello ignored every declaration by plaintiff as well as his personalized letters.

Plaintiff seeks compensatory and punitive damages, as well as injunctive relief ordering defendants to stop all retaliation.

Discussion

Plaintiff again recites a litany of incidents he claims demonstrates abuses of power, harassment, staff misconduct, and retaliation. Plaintiff now sues eight individuals, but again marked multiple claims on the form complaint: disciplinary proceedings; property; retaliation; threat to safety; and access to the court. (ECF No. 25 at 3-4.) Despite such labels, the bulk of his allegations are based on vague and generic claims of harassment, abuse of power and staff misconduct, as well as various claims of retaliation against multiple defendants based on several different incidents.

Retaliation

It is well-established that prisoners have a First Amendment right to file prison grievances and that retaliation against prisoners for their exercise of this right is a constitutional violation. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote and citations omitted). To prevail on a retaliation claim, a plaintiff may "assert an injury no more tangible than a chilling effect on First Amendment rights." Brodheim, 584 F.3d at 1269-70. Furthermore, "a plaintiff does not have to show that 'his speech was actually inhibited or suppressed,' but rather that the adverse action at issue 'would chill or silence a person of ordinary firmness from future First Amendment activities.'" Id. at 1271

(citing Rhodes, 408 F.3d at 568-69).  Nevertheless, First Amendment retaliation is not established simply by showing adverse activity by a defendant after protected speech; rather, the plaintiff must show a nexus between the two.  See Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the "logical fallacy of post hoc, ergo propter hoc, literally, "after this, therefore because of this.").  The plaintiff must allege specific facts demonstrating that the plaintiff's protected conduct was "the 'substantial' or 'motivating' factor behind the defendant's conduct."  Brodheim, 584 F.3d at 1271 (quoting Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989)).  A plaintiff may demonstrate retaliatory intent by alleging a chronology of events from which retaliation can be inferred.  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012).

Plaintiff fails to provide sufficient factual detail to determine whether he could state a cognizable First Amendment claim against a particular defendant.  Plaintiff's failure to provide specific dates makes it difficult to evaluate his retaliation claims, both in terms of order of incidents, as well as timing between the incident and the protected conduct.  Also, plaintiff fails to allege facts demonstrating that each named defendant retaliated against plaintiff because plaintiff engaged in conduct protected by the First Amendment.  For example, plaintiff's claim that Brown issued plaintiff a false RVR because plaintiff avoided getting RVR's is not conduct protected under the First Amendment.  Similarly, that Hurtado unexpectedly walked back by plaintiff's cell and "accidentally" saw plaintiff "doing his thing," and Hurtado subsequently issued plaintiff an RVR based on such conduct does not demonstrate Hurtado took such action based on plaintiff's First Amendment conduct.  Moreover, it is unclear where and when plaintiff allegedly filed the declaration bearing 84+ names, making it difficult to determine whether such document constitutes protected conduct under the First Amendment, as well as whether it triggered the alleged retaliatory conduct.

In an abundance of caution, plaintiff is granted leave to file a third amended complaint in which he alleges that on or about a particular date, a defendant (or defendants) retaliated against plaintiff because of plaintiff's conduct protected under the First Amendment and which did not reasonably advance a legitimate penological goal.  Specifically, plaintiff must set forth specific

facts supporting each of the five elements under Rhodes:  (1) An assertion that a state actor took some adverse action against plaintiff (2) because of (3) plaintiff's conduct protected under the First Amendment, such as filing grievances or lawsuits, and that such adverse action (4) chilled plaintiff's exercise of his First Amendment rights, and (5) the adverse action did not reasonably advance a legitimate correctional goal." Rhodes, 408 F.3d at 567.  Plaintiff should limit his pleading to one incident of retaliation unless it was the same defendant who allegedly retaliated against plaintiff on different occasions.  **Unrelated retaliation claims against multiple defendants must be pursued in separate civil rights actions.**

 False Report/Cover Up

Plaintiff's allegations fail as to defendants Baskerville and Banks concerning their actions after the alleged retaliation by other defendants.  That Baskerville allegedly lied is insufficient to state a claim.  A "complaint alleging that an officer filed a false report, by itself, fails to state a claim upon which relief can be granted." Koch v. Austin, 2006 WL 403818, at *5 (E.D. Cal. Feb. 16, 2006), adopted by 2006 WL 842585 (Mar. 28, 2006).  The fact that defendant Banks approved the alleged false statements is also insufficient.  A cognizable claim is stated only if there is evidence that the false report was retaliatory, or the inmate is not afforded procedural due process in the hearing on the disciplinary charge.  See Pratt v. Rowland, 769 F.Supp. 1128, 1134 (N.D. Cal. 1991) (filing false report states a claim only if retaliatory).

Allegations that officials engaged in a cover-up state a constitutional claim only if the cover-up deprived plaintiff of his right of access to courts by causing him to fail to obtain redress for the constitutional violation that was the subject of the cover-up.  See Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 625 (9th Cir. 1988) (cover-up "allegations may state a federally cognizable claim provided that defendants' actions can be causally connected to a failure to succeed in the present lawsuit."); Rose v. City of Los Angeles, 814 F.Supp. 878, 881 (C.D. Cal. 1993).  A cover-up claim is premature when, as here, plaintiff's action seeking redress for the underlying constitutional violations remains pending.  See Karim-Panahi, 839 F.2d at 625 (claim alleging police cover-up of misconduct was premature when action challenging

////

misconduct was pending); Rose, 814 F.Supp. at 881 ("Because the ultimate resolution of the present suit remains in doubt, [p]laintiff's cover-up claim is not ripe for judicial consideration.")

Supervisory Liability

Plaintiff attempts to hold several individuals responsible based solely on their supervisory roles. However, as discussed above, liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676-77; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr, 652 F.3d at 1205-06; Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).

Although plaintiff contends that he wrote declarations and letters to Warden Covello, plaintiff failed to demonstrate that Warden Covello participated in or directed any alleged violations or had specific or direct knowledge of any of the alleged violations and failed to prevent them. Thus, plaintiff fails to state a cognizable claim against defendant Covello.

Plaintiff alleges Chief Deputy Warden B. Holmes failed to remedy such issues and repeatedly adopted a code of silence. However, such broad and vague allegations are insufficient to state a civil rights violation.

Plaintiff does not identify the role of defendant K. Rogers. (ECF No. 25 at 2.) However, plaintiff's broad claim that Rogers failed to acknowledge these abuses of power and did nothing to change anything is insufficient to state a civil rights violation.

Access to the Court/Disciplinary Proceedings/Property

As noted above, plaintiff identified these claims by marking boxes on the complaint form. However, plaintiff included no factual allegations supporting an access to the court claim, a challenge concerning property deprivation, or a challenge to specific disciplinary proceedings resulting from the various RVR's referred to by plaintiff. Plaintiff was provided the standards governing such claims in the July 12, 2022 screening order, and they are not repeated here. (ECF No. 7 at 8-10.)

### Misjoinder of Unrelated Claims

Plaintiff's claims are again not properly raised in the same action. A plaintiff may properly join as many claims as he has against one opposing party. Fed. R. Civ. P. 18(a). Rule 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). See also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different suits").

Here, plaintiff fails to demonstrate that all of the incidents alleged are related as required under Rule 20 of the Federal Rules of Civil Procedure. As with his prior pleadings, plaintiff raises multiple claims, involving multiple defendants committing different acts at different times. Plaintiff fails to set forth specific dates, other than for defendant Hurtado, and claims defendant Brown issued plaintiff four RVRs over a period of six months. In any event, most of the incidents are not related by fact. Plaintiff is advised that retaliation claims do not arise from the same transaction, occurrence, or series of transactions or occurrences simply because plaintiff states the incidents were retaliatory in nature. Claims involving different parties cannot be joined together in one complaint if the facts giving rise to the claims were not factually related in some way -- that is, if there was not similarity in the factual background of a claim. Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). General allegations are not sufficient to constitute similarity when the specifics are different. Id.

### Request for Preliminary Relief

Plaintiff seeks an order requiring defendants to stop retaliating against plaintiff and states his request is an emergency because plaintiff believes his life is in danger. (ECF No. 25 at 11.) However, plaintiff provides no facts explaining why he believes his life is in danger; indeed, this is the sole reference to such threat in the entirety of his 12 page pleading. Moreover, plaintiff has been provided the standards governing requests for preliminary injunctive relief. (ECF No. 22 at 2.) Despite such notice, plaintiff failed to address any of the elements required under Winter v.

Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).  Finally, because plaintiff's second amended complaint fails to state a cognizable civil rights claim against a particular defendant, the court is unable to determine whether plaintiff would likely succeed on the merits of any such claim.  Because plaintiff's request is factually unsupported, the request is denied without prejudice.

Leave to Amend

The court finds the allegations in plaintiff's second amended complaint fail to state a claim for relief.  In an abundance of caution, plaintiff is provided one final opportunity to file a third amended complaint to attempt to state a cognizable retaliation claim.

If plaintiff chooses to file a third amended complaint, plaintiff shall use the court's civil rights complaint form.  Plaintiff shall include only claims arising from the same incident unless the same defendant is involved in multiple incidents.  Plaintiff must include facts supporting each element of a the retaliation claim: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes, 408 F.3d at 567-68.

Plaintiff's allegations must be short and plain, simple and direct and describe the relief plaintiff seeks.  Fed. R. Civ. P. 8(a); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002).  Plaintiff shall focus on what each defendant did or did not do that allegedly violated plaintiff's First Amendment rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Thus, plaintiff shall omit generic and speculative allegations of harassment, abuse of power, and staff misconduct.

////

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Bell Atlantic Corp., 550 U.S. at 555). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Iqbal, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files a third amended complaint, the original and prior pleadings are superseded.

Plaintiff is cautioned that he has had multiple opportunities to file an amended pleading that states a cognizable civil rights claim. If plaintiff fails to file a third amended complaint that complies with this order the undersigned will recommend that this case be dismissed based on plaintiff's repeated failure to comply with court orders (see ECF Nos. 7, 20).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed.

////

2. Plaintiff's request for preliminary relief (ECF No. 25 at 11) is denied without prejudice.

3. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint <u>on the court's form</u> raising a retaliation claim or claims that complies with the instant order and requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint"; plaintiff must file an original of the third amended complaint.

4. Failure to file a third amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint.

Dated:  July 21, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/sier0488.14am2