1
2
3
4
5
6
7

8
UNITED STATES DISTRICT COURT

9
FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11
FRANCISCO SIERRA,
No.  2:22-cv-0488 TLN KJN P

12
Plaintiff,

13
v.
ORDER

14
PATRICK COVELLO, et al.,

15
Defendants.

16

17
Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

18
to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion styled, "Motion for a

19
Preliminary Injunction Prospective Relief and Appointment of Counsel."  (ECF No. 26.)  For the

20
reasons stated herein, plaintiff's motion is denied without prejudice.

21
Background

22
By separate order, plaintiff's second amended complaint was dismissed with leave to

23
amend.  Plaintiff named multiple defendants employed at Mule Creek State Prison ("MCSP"), but

24
the undersigned found that plaintiff failed to state a cognizable civil rights claim; he was granted

25
leave to file a third amended complaint solely as to a retaliation claim.

26
Plaintiff's First Motion

27
Plaintiff's motion is styled "Motion for a Preliminary Injunction Prospective Relief."

28
(ECF No. 26 at 1.  Plaintiff makes the following claims.

1

In February of 2021, plaintiff filed a declaration with 84 signatures against Correctional Officer Jenkins at MCSP Facility C.  On August 30, 2021, there was an accusation of IEX that was sent to the DA for possible prosecution, but it was "easily shut down by the courts."  (ECF No. 26 at 2.)  While in administrative segregation for such misunderstanding, plaintiff's teeth were disfigured on or about September 16, 2021.  Apparently Correctional Officer Brown was instructed to harass plaintiff giving him four write ups in only six months and putting plaintiff on C status away from the inmate population, right after plaintiff filed a group declaration on Brown.  Brown then took property during a cell search and issued more frivolous RVRs in an attempt to make plaintiff leave the institution.  At this time, plaintiff was pursuing a civil lawsuit for medical malpractice at Mule Creek State Prison.  This litigation has been going on for as long as the first group 602 filing in 2016 at High Desert State Prison.  (ECF No. 26 at 3.)  Plaintiff asks the court to acknowledge what's happening and explain why it was taking so long to proceed.  At the time plaintiff prepared "the foregoing[,] plaintiff strongly believes Patrick Covello Warden at MCSP currently, might of somehow reached out to the courts thinking ahead."  (ECF No. 26 at 3.)  Plaintiff denies he has problems everywhere he goes; he has not been in any fights since 2016.  He is trying to attend groups but has been prevented since 2019.  Plaintiff asks whether the court advises plaintiff to leave Mule Creek State Prison.  He would like to come to an agreement over this litigation and asks whether invading his privacy is illegal.  (ECF No. 26 at 3.)

Plaintiff provided a declaration alleging staff misconduct which is signed by him and other inmates in November of 2021.  The declaration states "these officials have violated administrative law and . . . Administrative Procedure Act, federal statute neglecting appropriate diligence, and abusing discretion, including but not limited to participating, allowing blatant cover ups in disciplinary methods, intimidation, unethical search and seizures, and false statements/records . . . ."  (ECF No. 26 at 4.)  They ask that CCR 3004(2)(c) be honored, and to be treated respectfully, impartially and fair by prison employees.  Violence is rare on the yard, and "these tactics from staff cause harm, stress, . . . [and] creates a hostile environment, and does not motivate inmates to rehabilitate."  (Id.)  "Dayroom is over at 11:25 every time.  Don't allow inmates to sign up for 11:15 if we can't get our full 15 minutes!"  (Id.)  Correctional Officer D.

2

1  Tsui, Lt. Banks and B. Holmes are unprofessional in dealing with inmates.  (ECF No. 26 at 4.)

2  They seek a judgment against the named officials for exercising power irresponsibly without need

3  or provocation in violation of the Eighth Amendment and as calculated harassment/retaliation in

4  violation of the First and Fourteenth Amendments.  (ECF No. 26 at 6.)

5        Plaintiff provides a second declaration entitled "Staff Misconduct," signed in March of

6  2021, by plaintiff and other inmates.  (ECF No. 26 at 7.)  Correctional Officer A. Jenkins, Sgt.

7  Spalding, Murrey, and other subordinates are allowing blatant cover-ups of inappropriate

8  disciplinary methods, verbal degradation, intimidation, abuse of discretion and unethical search

9  and seizures in violation of CCR 3287.(2) and the Eighth Amendment.  (ECF No. 26 at 7.)

10  Excessive force was used against inmate Luevano, BF-2083, who was already in restraints.  Such

11  staff misconduct is prevalent on Facility C and is substantiated by the instant declaration, and

12  memos dated February 5, 2020, and December 1, 2019.  Plaintiff references Grievance Log No.

13  0784 dated September 29, 2020, pending court review.  According to an OIG report, fifty 412

14  grievances were filed by inmates just between April 1, 2020, and August 31, 2020.  (ECF No. 26

15  at 7.)

16        Governing Standards

17        "A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter

18  v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citations omitted); Epona v.

19  Cty. of Ventura, 876 F.3d 1214, 1227 (9th Cir. 2017).  The party seeking a preliminary injunction

20  must establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable

21  harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an

22  injunction is in the public interest."  Winter, 555 U.S. at 20 (citations omitted); see also American

23  Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting

24  Winter, 555 U.S. at 20); Fed. R. Civ. P. 65 (governing both temporary restraining orders and

25  preliminary injunctions).  An injunction may only be awarded upon a clear showing that the

26  plaintiff is entitled to relief.  See Winter, 555 U.S. at 22 (citation omitted).  Also, an injunction

27  against individuals not parties to an action is strongly disfavored.  See Zenith Radio Corp. v.

28  ////

1   Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a

2   judgment . . . resulting from litigation in which he is not designated as a party. . . .").

3        Further, a "court's equitable power lies only over the merits of the case or controversy

4   before it.  When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the

5   court does not have the authority to issue an injunction." Pacific Radiation Oncology, LLC v.

6   Queen's Medical Center, 810 F.3d 631, 633 (9th Cir. 2015).  Significantly, a party moving for a

7   preliminary injunction must necessarily establish a "relationship between the injury claimed in

8   the motion for injunctive relief and the claims set forth in the underlying complaint itself." Id. at

9   636.

10   Discussion

11        Plaintiff was previously provided the standards governing requests for injunctive relief.

12   (ECF No. 22.)  Despite such notice, plaintiff failed to address any of the elements required under

13   Winter, 555 U.S. at 20.  Instead, plaintiff's motion is a recitation of various generalized claims of

14   staff misconduct.  Plaintiff fails to allege facts showing he is at risk of irreparable harm or that his

15   generalized claims are related to claims he intends to raise in this action.

16        Moreover, because plaintiff's second amended complaint has been dismissed, plaintiff

17   cannot demonstrate that any of the purported violations set forth in his motion are related to

18   cognizable claims in this action.  Pacific Radiation, 810 F.3d at 633.  Similarly, the court is

19   unable to determine whether plaintiff would be likely to succeed on the merits of any claim.

20   Plaintiff's motion is insufficient to support a request for injunctive relief at this time.  In addition,

21   the record is insufficient to demonstrate an order is required under other legal authorities.

22        Further, no defendants have yet appeared in this action, and the court does not have

23   jurisdiction to order injunctive relief which would require directing parties not before the Court to

24   act.  Zepeda v. United States Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir.

25   1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and

26   subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons

27   not before the court.").

28        For all of these reasons, plaintiff's motion is denied without prejudice.

1  Motion for Appointment of Counsel

2        Although plaintiff included "appointment of counsel" in the title of his motion, plaintiff

3  did not address such request in the body of his motion.  To the extent plaintiff intended to renew

4  his motion for appointment of counsel, his motion is denied for the reasons set forth in the May 2,

5  2023 order.  (ECF No. 22.)

6        Accordingly, IT IS HEREBY ORDERED:

7     1.   Plaintiff's motion (ECF No. 26) is denied without prejudice; and

8     2.   Plaintiff's motion for appointment of counsel (ECF No. 26) is denied without

9         prejudice.

10  Dated:  July 24, 2023

11

12                             KENDALL J. NEWMAN
                               UNITED STATES MAGISTRATE JUDGE

13  /sier0488.pi3

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28