UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO SIERRA, | No. 2:22-cv-0488 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| PATRICK COVELLO, et al., | |
| Defendants. | |

     Plaintiff is a state prisoner, proceeding pro se and in forma pauperis. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. While the court's order and findings and recommendations, signed October 3, 2023, were being processed, plaintiff filed a document styled "Request to Submit Screening Standards . . . Appoint Counsel[,] . . . Injunction Request," which was entered on the court's docket the same day (ECF No. 33).

     Plaintiff claims to request an injunction, but he does not clearly identify what injunctive relief he seeks. Moreover, plaintiff has again failed to specifically address all of the elements required under Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citations omitted). The party seeking a preliminary injunction must establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter, 555 U.S. at 20 (citations omitted); Am. Trucking Associations, Inc. v. City of Los

1

1  Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); Fed. R. Civ. P. 65 (governing both temporary
2  restraining orders and preliminary injunctions).  This court has repeatedly informed plaintiff of
3  this requirement.  (ECF Nos. 22, 24, 28.)  In addition, the undersigned recommended that
4  plaintiff's prior motion for injunctive relief, filed on August 18, 2023, also be denied.  (ECF No.
5  34.)  Further, in light of the recommendation that plaintiff's third amended complaint be
6  dismissed without leave to amend, it appears plaintiff is unable to demonstrate a likelihood of
7  success on the merits.

8  In his recent filing, plaintiff again cites the settlement of his cases filed in the Fresno
9  Division of this court, arguing such cases show "a pattern of constant harassment by CDCR
10 officials."  (ECF No. 33 at 2.)  However, none of the joint stipulations for voluntary dismissal
11 filed in plaintiff's cases filed in the Fresno Division include an acknowledgement of liability.[1]
12 Sierra v. Sherman, No. 1:21-cv-1694 ADA SAB (E.D. Cal. May 23, 2023) (ECF No. 42); Sierra
13 v. Holmes, No. 1:22-cv-0964 ADA SAB (PC) (E.D. Cal. May 24, 2023) (ECF No. 26); Sierra v.
14 Hinojosa, No. 1:22-cv-0967 DAD SAB (E.D. Cal. May 23, 2023) (ECF No. 20).  Further, all of
15 the allegations raised in the Fresno cases concerned incidents from 2017 to 2019 against
16 employees working at the California Substance Abuse and Treatment Facility ("CSATF") in
17 Corcoran, California.  Id.  None of plaintiff's allegations in the instant third amended complaint,
18 arising in 2021 and 2023 at MCSP, implicate or allege a connection to defendants or incidents
19 that took place at CSATF.  Thus, the settlement of plaintiff's Fresno cases is not relevant to the
20 instant action.

21 Plaintiff again complains about the screening of his pleadings filed in this action.  The
22 court is required to, and does, liberally construe plaintiff's pleadings.  Haines v. Kerner, 404 U.S.
23 519, 520-21 (1972).  However, conclusory and vague allegations will not support a cause of
24 action.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Importantly, a liberal

---

[1] A court may take judicial notice of court records.  See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

2

interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.  Id.

Plaintiff argues that defendants may be joined in a single action if any right is asserted against them arising out of the same transaction, occurrence, or series of transactions or occurrences and any question of law or fact common to all defendants will arise in the action. (ECF No. 33 at 5) (citing Fed. R. Civ. P. 20(a)(2)).  Plaintiff accurately quotes the rule.  But plaintiff's amended complaint recited a wide range of incidents from 2021 to 2023 involving different defendants without alleging facts that support a connection among them.  (See ECF No. 34 at 2-3.)  A conclusory statement that all incidents were retaliatory in nature is insufficient.[2] See Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997) (general allegations are not sufficient to constitute similarity when the specifics are different).

Plaintiff's recent filing crossed in the mail with the October 3, 2023 order and findings and recommendations.  In light of the procedural deficiencies addressed above, plaintiff's request is denied without prejudice to renewal after plaintiff has had an opportunity to review the order and findings and recommendations.  Plaintiff's motion for appointment of counsel is also denied for the same reasons set forth in the recent order.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel (ECF No. 33) is denied; and

2. Plaintiff's motion for relief (ECF No. 33) is denied without prejudice.

Dated:  October 10, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/sier0488.den

---

[2] Plaintiff has been advised on multiple occasions about the importance of only raising related claims in one pleading.  (ECF No. 7 at 5-6; 20.)  Some of plaintiff's complaints in his Fresno cases were similarly screened out on the grounds that plaintiff included unrelated claims.  See, e.g., Sherman, No. 1:21-cv-1694 ADA SAB (Feb. 10, 2022) (ECF No. 13).  Indeed, in Holmes, 1:22-cv-0964 ADA SAB, plaintiff's unrelated retaliation claims were severed into a new action due to timeliness concerns.  Id. (ECF Nos. 4, 5.)